**In the United States District Court
for the District of Kansas**

---

Case No. 21-cv-02349-TC-ADM

---

THE CINCINNATI SPECIALTY UNDERWRITERS
INSURANCE COMPANY,

*Plaintiff*

v.

EMPLOYERS MUTUAL CASUALTY COMPANY,

*Intervenor Plaintiff*

v.

THE DOMAIN AT CITY CENTER, LLC, ET AL.,

*Defendants*

---

**MEMORANDUM AND ORDER**

This is an insurance dispute involving multiple insurance companies, multiple contractors, parallel arbitration proceedings, and now a federal lawsuit. Plaintiff and Intervenor Plaintiff seek a declaratory judgment clarifying their obligations under their respective policies issued to Defendant Town & Country Sheet Metal, Inc. Defendant Haren & Laughlin Construction Company moved to dismiss and alternatively seeks a stay until the pending arbitration proceeding concludes. Doc. 55. For the following reasons, the motion is denied.

**I**

**A**

**1.** Dismissal is required if a court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The party invoking a federal court's jurisdiction bears the burden of proving it exists. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). If it fails to do so, the opposing party may move for dismissal, either by facially attacking the jurisdictional grounds alleged in the Complaint or by challenging the alleged

1

factual basis on which subject-matter jurisdiction rests. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012). When reviewing a facial attack (like the defendant's here), all the plaintiff's well-pleaded allegations are taken as true. *See id.* Evidence outside the pleadings may be considered to answer the jurisdictional question. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

**2.** Assuming jurisdiction exists, dismissal may still be proper under Rule 12(b)(7) for failure to join a party in accordance with Rule 19. Rule 19 requires certain absent parties to be joined to an action under two circumstances. Fed. R. Civ. P. 19(a)(1). First, a party is required to be joined when its absence prevents the court from providing complete relief among the existing parties. *Id.* 19(a)(1)(A). Second, a party is required when it claims an interest in the litigation and its absence would either impair its ability to protect that interest or leave the absent party open to a substantial risk of inconsistent obligations. *Id.* 19(a)(1)(B). In either case, joinder of the absent party must be feasible. *Id.* 19(a)(1).

Joinder is feasible if the absent party is subject to service of process, venue is proper, and joining the party would not defeat subject-matter jurisdiction. Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment (General Considerations); 7 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1604 (3d ed. April 2022 update); *see also N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1281 (10th Cir. 2012) (holding that joinder of Indian tribe was not feasible due to sovereign immunity). If it is not feasible to join the absent party, the court must "determine whether, in equity, and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

The movant bears the burden of producing evidence that shows the nature of the interest possessed by the absent party, how the party's absence would be impaired, and why dismissal is warranted. *See Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994). Mere allegations will not satisfy that burden. *Id.* at 1294–95. Instead, the movant must produce evidence demonstrating the absent third party's interest through "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Id.* (citation omitted).

## B

Town & Country holds commercial general liability insurance policies issued by Plaintiff Cincinnati Specialty Underwriters Insurance Company and Intervenor Plaintiff Employers Mutual Casualty

Company. Employers Mutual insured Town & Country from July 2013 to July 2018, and Cincinnati provided insurance from July 2018 to July 2022. Doc. 24 at ¶¶ 28–31.

The policies contain identical insuring agreements. Each policy states that the insurer will pay all sums Town & Country becomes legally obligated to pay as damages because of covered property damage. *See, e.g.*, Doc. 24-6 at 14; Doc. 24-8 at 20. Each policy also obligates the insurer to defend Town & Country against any suit seeking those damages. *Id.* Moreover, both policies contain additional-insured endorsements that extend coverage to any person or organization that agrees, in writing, with Town & Country to be joined to the policy. *See, e.g.*, Doc. 24-6 at 64; Doc. 24-8 at 68.

This dispute arises from construction defects on a residential development in Lenexa, Kansas. In 2014, The Domain at City Center, LLC, hired Haren & Laughlin to serve as the general contractor for a residential building called The Domain at City Center. Doc. 24 at ¶ 10. Haren & Laughlin hired Town & Country to install sheet metal flashing and other water-mitigation applications at the project site. Doc. 5 at ¶¶ 13–14; Doc. 24 at ¶¶ 10–14. Their subcontractor agreement required Town & Country to designate Haren & Laughlin as an additional insured "for claims caused in part or in whole by [Town & Country's] negligent acts or omissions." Doc 5 at ¶ 15; Doc. 24 at ¶ 15.

Water leaks damaged certain residential units at The Domain. Upon investigation, Haren & Laughlin notified Town & Country in July 2017 that it attributed these leaks to Town & Country's work. Doc. 5 at ¶ 19; Doc. 24 at ¶ 21. Haren & Laughlin and Town & Country executed a "Release of All Claims" pertaining to the July 2017 leaks. Doc. 5 at ¶ 20; Doc. 24 at ¶ 22. Domain, the owner of the project, asserted in October 2018—over a year after the Release was signed—that the July 2017 leaks had damaged additional units in the building. Doc. 5 at ¶ 32.

As a result of the ongoing leaks, Domain initiated an arbitration action against Haren & Laughlin. Doc. 5 at ¶ 34; Doc. 24 at ¶¶ 23–24. Haren & Laughlin notified Town & Country of Domain's claim in June 2019 and in that letter demanded that Town & Country's "insurer(s)" defend and indemnify it with respect to Domain's claim. Doc. 1-4; Doc. 5 at ¶¶ 32–33; Doc. 24 at ¶¶ 45–46.

In August 2021, as the arbitration was ongoing, Cincinnati brought this declaratory action against Town & Country, Haren & Laughlin, and Domain to clarify its contractual obligations to each. Cincinnati seeks a declaration that its policy does not cover the claimed loss and

thus it is not liable to any defendant. Doc. 5 at 8. Cincinnati further seeks a declaration that it does not owe Town & Country or Haren & Laughlin a duty to defend and indemnify. *Id.* at 8–9. Employers Mutual intervened in the action, filing its own complaint in November 2021. Doc. 18. It does not dispute coverage under its policy with Town & Country, Doc. 24 at ¶ 36, but seeks a declaration that it does not owe Haren & Laughlin a duty to defend and indemnify, *id.* at 8.

Plaintiffs maintain that Haren & Laughlin is not an additional insured under their respective policies with Town & Country. Doc. 5 at ¶ 24; Doc. 24 at ¶¶ 49–52. They also claim that Town & Country's additional insured agreement with Haren & Laughlin is void as against Kansas public policy because the agreement requires them to indemnify Haren & Laughlin for its own negligence, contrary to K.S.A. § 16-121(c). Doc. 5 at ¶ 26; Doc. 24 at ¶ 48.

Since this suit was filed, Domain recovered a multi-million-dollar arbitration award against Haren & Laughlin. Doc. 71 at 1–2. Plaintiffs did not defend Haren & Laughlin, nor did they pay any part of the award. Doc. 56 at 1. Haren & Laughlin claims that its primary insurers, which Haren & Laughlin has refused to name, paid out defense costs and covered the award, although whether Haren & Laughlin also paid some part out-of-pocket is contested.[1] Doc. 56 at 7; Doc. 70 at 6. After the arbitration award was issued, Haren & Laughlin informed Plaintiffs that it and its primary insurers intended to sue both Cincinnati and Employers Mutual for damages. Doc. 70-1 at 2. The arbitration proceedings have turned to apportioning fault among Haren & Laughlin's subcontractors for the damages awarded in the first phase of arbitration, Doc. 56 at 2, with Town & Country among those who may be liable.

## C

Haren & Laughlin filed this motion to dismiss. Doc. 55. Haren & Laughlin's motion offers two grounds for dismissal: a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction and a 12(b)(7) motion to dismiss for failure to join a required party under Rule 19. Doc. 56 at 1.

Haren & Laughlin argues there is no longer an active case or controversy because phase one of the arbitration is complete and the

---

[1] With its award fully satisfied, Domain is no longer a party to this action, leaving Haren & Laughlin and Town & Country the remaining defendants. Doc. 88 at ¶ 5; Doc. 89.

award has been paid by its primary insurers. Doc. 56 at 3–9. Haren & Laughlin alternatively argues, assuming subject-matter jurisdiction exists, that its primary insurers who paid the arbitration award are the only ones with an interest against Plaintiffs and the suit must be dismissed in their absence. *Id.* at 9–10. Finally, Haren & Laughlin argues that Plaintiffs' action should be stayed until phase two of the arbitration proceeding is complete, as Plaintiffs' obligations, if any, are contingent on Town & Country's liability for the arbitration award. *Id.* at 10–11.[2]

Plaintiffs respond that their claims present an active controversy because they are locked in a concrete dispute with Haren & Laughlin and face threatened claims for damages pertaining to disputed obligations under their policies, namely the issue of coverage and whether Haren & Laughlin is an additional insured under either policy. Doc. 70 at 4; Doc. 71 at 4–5. They further contend that dismissal for failing to join parties is inappropriate because Haren & Laughlin refuses to disclose the identities of its insurers that it claims are required. Doc. 70 at 6; Doc. 71 at 7–8. And finally, they argue that this action should not be stayed because the underlying arbitration will not address the legal questions presented in Plaintiffs' claims, and abstention will only further delay resolution. Doc. 70 at 8; Doc. 71 at 9.

## II

Haren & Laughlin's motion is denied. Plaintiffs' declaratory action presents an active controversy between the parties, as Plaintiffs remain exposed to claims for damages arising from the disputed provisions of their respective insurance policies. Haren & Laughlin has not met its burden to demonstrate that its insurers have an interest in this litigation or that dismissal is warranted because their joinder is not feasible. And a stay is not appropriate because it would unnecessarily delay clarification of the legal relations of the parties.

---

[2] Haren & Laughlin's reply argued for the first time that Plaintiffs' declaratory action is no more than "procedural fencing." Doc. 91 at 5–9. Plaintiffs moved to strike that argument, or alternatively for permission to file a sur-reply. Doc. 92. Arguments made for the first time on reply are not considered. *See, e.g.*, *Donahue v. Probasco & Assocs., P.A.*, No. 18-2344, 2020 WL 6384200, at * 11 (D. Kan. Oct. 30, 2020). Plaintiffs' motion, Doc. 92, is therefore GRANTED in part to strike Haren & Laughlin's "procedural fencing" argument, found on pages 5 to 9 and page 13 of its reply, and DENIED in part as to permission to file a sur-reply.

## A

**1.** Article III of the United States Constitution limits federal jurisdiction to "Cases" and "Controversies." U.S. Const. art. I, § 2, cl. 1. The Declaratory Judgment Act reflects that constitutional limitation on judicial power, providing in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The Act "enables parties uncertain of their legal rights to seek a declaration of rights prior to injury," *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1274 (10th Cir. 1989), and is often invoked by insurance companies seeking to resolve their contractual obligations, *Horace Mann Ins. Co. v. Johnson ex rel. Johnson*, 953 F.2d 575, 579 (10th Cir. 1991).

But the Constitution precludes federal courts from rendering "an advisory decree upon a hypothetical state of facts." *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 325 (1936). There is no precise test for determining in all cases whether declaratory relief is advisory, and the gap between a hypothetical question and a controversy can be narrow. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). But a true controversy is "definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937). It must be "real and substantial . . .[,] admitting of specific relief through a decree of a conclusive character . . .," *id.* at 241, and it must be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co.*, 312 U.S. at 273.

A controversy is generally not active if it depends on the occurrence of contingent future events. *See Tex. Brine Co., & Occidental Chem. Corp.*, 879 F.3d 1224, 1229 (10th Cir. 2018). But in the insurance context, some contingencies are sufficiently immediate to maintain an active controversy and warrant consideration of declaratory relief. *See Md. Cas. Co.*, 312 U.S. at 273 (finding actual controversy where insurer sought declaratory relief for coverage and duty questions before the insured was found liable to the third-party claimant); *Kunkel*, 866 F.2d at 1274–75 (citing *Allendale Mut. Ins. Co. v. Kaiser Eng'rs*, 804 F.2d 592 (10th Cir. 1986)); *see also Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh*,

Nos. 97-6437, 97-6438, 1999 WL 420401, at *13 (10th Cir. 1999) ("In the decades since *Maryland Casualty*, courts have usually been willing to decide questions relating to the existence of coverage under an insurance policy, even though such questions are often contingent on several factors, including whether a court in the underlying litigation finds the insured party liable.").

**2.** Cincinnati and Employers Mutual's claims regarding coverage and Haren & Laughlin's additional-insured status are active controversies. Although the arbitration award was satisfied by Haren & Laughlin (or its insurers), there remains a concrete and definite conflict between the parties. Plaintiffs are still exposed to an action for breach regarding their duties as Town & Country's insurers. And no future contingency undermines the immediacy of that conflict.

First, the parties' legal dispute is definite and concrete. Relying on Plaintiffs' policies written for Town & Country, Haren & Laughlin previously demanded that Plaintiffs defend and indemnify it against Domain's arbitration action. Doc. 1-4; Doc. 5 at ¶ 33; Doc. 24 at ¶ 46. Plaintiffs refused. Doc. 56 at 1–2. The parties' dispute is bound up in whether Cincinnati's policy covered the claimed loss and whether either policy recognizes Haren & Laughlin as an additional insured. *See* Doc. 24-6 at 14, 64; Doc. 24-8 at 20, 68. Under Kansas law,[3] both are legal questions. *AMCO Ins. Co. v. Beck*, 929 P.2d 162, 165 (Kan. 1996) ("The interpretation and construction of a[n] [insurance contract] is a question of law."). The parties' pleadings make clear that they disagree as to their legal obligations and rights under the insurance policies. Their dispute is "definite and concrete" and it concerns "legal relations of parties having adverse legal interests." *Aetna Life Ins. Co.*, 300 U.S. at 240–41.

Second, the parties' dispute is redressable through declaratory relief. Determining the coverage and additional-insured issues through a declaratory judgment will clarify the parties' contractual obligations and rights and resolve whether Plaintiffs owe Haren & Laughlin a duty to defend and indemnify under the policies. And resolving these

---

[3] Kansas law governs this dispute. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (holding forum state's conflict-of-laws rules apply in diversity jurisdiction cases); *Simms v. Metro. Life Ins. Co.*, 685 P.2d 321, 324 (Kan. Ct. App. 1984) (confirming Kansas conflict regime applies the law of the place of contracting to questions of contract interpretation); *Layne Christensen Co. v. Zurich Can.*, 38 P.3d 757, 767 (Kan. Ct. App. 2002) ("A contract is made where the last act necessary for its formation occurs." (citing *Wilkinson v. Shoney's, Inc.*, 4 P.3d 1149, 1160 (Kan. 2000)).

questions will clarify Plaintiffs' obligations in the face of threatened legal action and their potential responsibility for some portion of a multi-million-dollar judgment. Doc. 71 at 1–2.

That Haren & Laughlin's insurers provided a defense and paid at least some portion of the arbitration award does not render Plaintiffs' requested relief ineffective. *Contra* Doc. 56 at 6–8. Haren & Laughlin argues the defense issue is moot because the arbitration proceeding has concluded and it no longer needs a defense, and the indemnity issue is moot as to Haren & Laughlin because its insurers paid the award in full.[4] *Id.* at 7. But despite these arguments, Haren & Laughlin informed Plaintiffs that it and its insurers intend to file suit against Plaintiffs, presumably regarding their failure to defend or indemnify. Doc. 56 at 3; Doc. 70-1 at 2. Haren & Laughlin's intention to further litigate these issues demonstrates that there is an active controversy over legal questions that can be conclusively resolved through declaratory relief. *Aetna Life Ins. Co.*, 300 U.S. at 241.

Third, the parties' dispute is sufficiently immediate to warrant declaratory relief despite certain future contingencies. Haren & Laughlin argues that two future contingencies render this controversy unripe for review. Doc. 56 at 8–9. First, neither Haren & Laughlin nor its insurers have initiated their threatened suits against Plaintiffs. *Id.* at 8. And second, Town & Country has not yet been found liable for the arbitration award. *Id.* Neither contingency is so remote as to undermine jurisdiction.

As to the contingency of future litigation, the threatened claims against Plaintiffs are sufficiently immediate to support an active controversy. Declaratory action "is intended . . . to afford one threatened with liability an early adjudication without waiting until an adversary should see fit to begin an action after the damage has accrued." 10B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2751 (3d ed. April 2022 update); *see also Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1377 (10th Cir. 2011) ("[W]hen the insured could file suit on identical issues and, upon success, be entitled to payments from the insurer, the insurer can bring a declaratory-judgment action without waiting for suit by the insured . . . .")). Haren & Laughlin's potential claims are not merely speculative; it told Plaintiffs that it and its primary insurers intend to bring them. Doc. 70-1 at 2. That the claims

---

[4] Haren & Laughlin's pleadings are inconsistent regarding whether its insurers paid the entire award. Compare Doc. 56 at 2 ("Haren and Laughlin *and its own insurers* paid the award in full." (emphasis added)), with Doc. 56 at 7 ("Haren and Laughlin's insurers have paid the arbitration award in full . . . .").

8

have not been brought yet does not render Plaintiffs' declaratory action unfit for review. There is a high likelihood that Haren & Laughlin (or its insurers) will bring claims against Plaintiffs, so this controversy is sufficiently immediate. *Columbian Fin. Corp.*, 650 F.3d at 1377.

Despite Haren & Laughlin's argument otherwise, Plaintiffs' declaratory action addresses threatened future injury, not "past-looking determinations." *Contra* Doc. 91 at 4. Plaintiffs filed their declaratory action to clarify their existing obligations flowing from their insurance policies issued to Town & Country for the damages Town & Country may be obligated to pay. The conflict over Plaintiffs' duties remains active and concrete, considering the threat that Haren & Laughlin (perhaps on behalf of or alongside its unnamed insurers) intends to file an action for damages. The threat of litigation, and the need to remove the pall of uncertainty cast by it, renders inapposite the Georgia case Haren & Laughlin relies on. Doc. 91 at 3 (citing *Hous. Enter. Ins. Co. v. AmTrust Ins. Co. of Kan.*, 212 F. Supp. 3d 1330, 1338 (N.D. Ga. 2016)). In *Housing Enterprise*, the district court rejected the application for declaratory relief because the plaintiff-insurer was seeking contribution towards its payment of a claim: "Where an insurer has already paid out a claim under its policy, and seeks contribution from a co-insurer for the expense, declaratory relief concerning the priority of the insurers' policies is unavailable because such declaratory relief concerns only past events, not future injury." 212 F. Supp. 3d at 1338. Plaintiffs in this case are not seeking contribution for a past payment. They are seeking a determination that, contrary to Haren & Laughlin's threats, they are not liable for the damage award Haren & Laughlin (or its insurers) have already paid.

Considering next Town & Country's liability, that contingency is not so hypothetical as to defeat jurisdiction. The unknown liability of an insured, standing alone, does not warrant the dismissal of a declaratory action when there is a clear dispute over a contract of insurance. *See Md. Cas. Co.*, 312 U.S. at 273; *Kunkel*, 866 F.2d at 1274–75; *see also Stauth*, 1999 WL 420401, at *13. The parties are locked in a clear conflict over their obligations arising from Town & Country's insurance policies issued by Plaintiffs. Despite Town & Country's undetermined liability, there is a sufficiently immediate controversy between the parties that warrants review. *Md. Cas. Co.*, 312 U.S. at 273.

## B

Invoking Rule 12(b)(7), Haren & Laughlin argues that Plaintiffs' claims should be dismissed because Plaintiffs have failed to join required parties—Haren & Laughlin's insurers—under Rule 19. But

9

Haren & Laughlin has not met its burden to identify the absent insurers and provide evidence of their interests.

First, Haren & Laughlin fails to identify its absent insurers. Without the identities of the insurers, it is impossible to know whether joining them is feasible, *i.e.*, if they would be subject to service of process or venue in this district, or whether joining them would defeat diversity jurisdiction. *See* Fed. R. Civ. P. 19(a)(1). As a result, Haren & Laughlin cannot carry its burden to show that the insurers must be joined. *See Raytheon Co. v. Cont. Cas. Co.*, 123 F. Supp. 2d 22, 32 (D. Mass. 2000); *see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Intrawest ULC*, No. 13-cv-00079, 2014 WL 1016072, at *2 (D. Colo. Mar. 14, 2014) (citing *Raytheon Co.*).

Second, Haren & Laughlin provides no evidence, affidavit or otherwise, that the insurers have an interest in Plaintiffs' claims. Haren & Laughlin avers that its insurers are required in this action because they "claim an interest in the outcome of the litigation" and affording declaratory relief in their absence would "substantially impair the[ir] interests . . . or expose them to risk of a judgment that is inconsistent with findings in the pending arbitration action." Doc. 56 at 10. But these are conclusory assertions. Haren & Laughlin provides no evidence of the insurers' interests, that they claim such interests, or how affording relief here would "substantially impair" those interests. Conclusory assertions are not enough to carry the moving party's burden of demonstrating the interests of an absent party. *Citizen Band Potawatomi Indian Tribe*, 17 F.3d at 1294.

## C

The Declaratory Judgment Act gives courts discretion whether to entertain a declaratory action. 28 U.S.C. § 2201(a). But "a District Court cannot decline to entertain such an action as a matter of whim or personal disinclination." *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). When weighing whether to exercise that discretion, the Tenth Circuit directs district courts to consider whether a ruling would settle the controversy, whether the ruling would clarify a right at issue, whether the action is being used for procedural fencing or to obtain res judicata, whether it would offend notions of comity with other tribunals, and if an alternative remedy would be more effective. *See generally Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980–81 (10th Cir. 2012) (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982–83 (10th Cir. 1994)).

Review of Plaintiffs' action is warranted because a declaratory action could settle the controversy and would clarify the legal obligations

of the parties. Haren & Laughlin contends that Plaintiffs' action should be stayed to permit the arbitrator to resolve Town & Country's liability for the arbitration award. Doc. 56 at 11. But the question of liability does not preclude consideration of Plaintiffs' legal questions. Addressing Plaintiffs' claims regarding coverage and the additional-insured provisions could resolve the controversy before any finding of liability. And as Plaintiffs contend, these legal questions of policy interpretation will not be addressed in the arbitration, so awaiting the arbitrator's decision will not afford a "plain, adequate and speedy remedy." *ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991) (internal quotation omitted). Nor would resolving those questions here interfere with the arbitration. Considering the nature of Plaintiff's claims and the focus of the arbitration action, it is appropriate to exercise jurisdiction here to resolve the legal questions underlying the declaratory action. And for the same reasons, a stay to await the result of the arbitration is unnecessary.

### III

For the foregoing reasons, Plaintiffs' motion to strike, Doc. 92, is GRANTED in part and DENIED in part, and Defendant Haren & Laughlin's motion to dismiss, Doc. 55, is DENIED.

It is so ordered.

Date: November 21, 2022          s/Toby Crouse
                                 Toby Crouse
                                 United States District Judge